IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOBBIE LEE SIMS, JR.,                  :        CIVIL ACTION NO. **3:CV-09-0033**
                                       :
         Plaintiff                     :        (Judge Kosik)
                                       :
         v.                            :        (Magistrate Judge Blewitt)
                                       :
JOSEPH PIAZZA, et al.,                 :
                                       :
         Defendants                    :

## REPORT AND RECOMMENDATION

**I. Background.**

On January 8, 2009, Plaintiff, Bobbie Lee Sims, Jr., currently an inmate at the State Correctional Institution at Coal Township ("SCI-Coal"), Coal Township , Pennsylvania, originally filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).  Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since he is an inmate in the Middle District of Pennsylvania, his claims relate to his confinement in the Middle District of Pennsylvania, and all original Defendants except two (Beard and Watson) were employed at the prison located in the Middle District of Pennsylvania.[1]  Plaintiff also filed an *in forma pauperis* Motion.  (Doc. 2).

Plaintiff named the following ten (10) Defendants in his original Complaint: Superintendent Joseph Piazza; Deputy Robert Macmillian; Deputy David Varan; Major David McAnnaney; Major

_____

[1]Plaintiff's Original Complaint consisted of four pages of a form Complaint, as well as seventeen (17) typed pages containing the substantive Complaint to which the form Complaint refers.  Previously, we referred to Plaintiff's typed Original Complaint attached to the form Complaint as Doc. 1.

Joseph Mushinski; Unit Manager Larry Kaskie; Security Captain Miller; Jeffery A. Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"); Cindy Watson, Chief Grievance Officer; and Kathryn McCarty, Health Care Administrator. (Doc. 1, pp. 1-5).

On February 4, 2009, we screened Plaintiff's original Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and issued a Report and Recommendation. ("R&R"). We recommended, in pertinent part, as follows:

> this case be dismissed as to all claims against supervisory Defendant Beard pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is also recommended that Plaintiff's Eighth Amendment cruel and unusual punishment claim proceed as against (7) Defendants, namely, Unit Manager Kaskie, Superintendent Piazza, Deputy Superintendent McMillian, Deputy Superintendent Varano, Security Captain Miller, and Health Care Administrator McCarty, and Defendant Major McAnnaney. Further, we recommend that Plaintiff's Fourteenth Amendment due process claim be dismissed entirely from this case, and that Defendant Watson and Defendant Mushinski be dismissed from this case. We recommend that Plaintiff's First Amendment denial of access to courts claim, his §1983 conspiracy claim and his Eighth Amendment denial of proper medical care claim be dismissed entirely from this case.
>
> It is additionally recommended that Plaintiff's relief request for specific amounts of monetary damages from each Defendant, both in compensatory damages and in punitive damages, be stricken from the Complaint. It is recommended that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed. Moreover, it is recommended that Plaintiff's state law claims be dismissed and that any claims for monetary damages under the Pennsylvania Constitution be dismissed.
>
> Finally, it is recommended that this case be remanded to the undersigned for further proceedings with respect to Plaintiff's Eighth Amendment cruel and unusual punishment claim as against Defendants Unit Manager Kaskie, Superintendent Piazza, Deputy Superintendent McMillian, Deputy Superintendent Varano, Security Captain Miller, and Health Care Administrator McCarty, and Defendant Major McAnnaney.

(Doc. 7).

On February 23, 2009, while our Report and Recommendation (Doc. 7) was pending before the Court, Plaintiff filed an "Amending and Incorporating Complaint." (Doc. 9). Plaintiff's "Amending and Incorporating Complaint" was not a complete Complaint. It had a cover page and a list of Defendants to be added, and started, in substance, on page 18 and ended on page 28. This document was merely a continuation of Plaintiff's original Complaint, which ended on page 17. In his "Amending and Incorporating Complaint," Plaintiff seemingly re-named ten Defendants from his original Complaint, namely, DOC Secretary Beard[2], Superintendent Varano and former Superintendent Joseph Piazza; Deputy Superintendent Robert Macmillian; Major David McAnnaney and Major Joseph Mushinski; Unit Manager Larry Kaskie; Intelligence Captain Michael Miller; Health Care Administrator Kathryn McCarty, and Chief Grievance Officer Cindy Watson. The Amending and Incorporating Complaint also added six new Defendants to those listed in his original Complaint, namely: Ronda Ellett, Deputy Superintendent; Eddie Baumback, Captain of Security; R. E. Long, Security Lt.; Richard McMillian, Security Team; and Kandis K. Dascani, Assistant to Superintendent and Grievance Coordinator. (Doc. 9, p. 2).

Plaintiff did not file any objections to our Doc. 7 R&R.

On March 23, 2009, the District Court issued a Memorandum and Order (Docs. 12 and 13), in which it directed as follows:

> (1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated February 4, 2009 (Document 7) is ADOPTED.

---

[2]Defendant Beard was dismissed entirely from this case by the District Court in its March 23, 2009 Order. (Doc. 13).

(2) The above-captioned action is dismissed as to all claims against supervisory Defendant Beard pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); Plaintiff's Fourteenth Amendment due process claim is dismissed entirely from this case, and Defendant Watson and Defendant Mushinski are dismissed from this case; Plaintiff's First Amendment denial of access to courts claim, his § 1983 conspiracy claim and his Eighth Amendment denial of proper medical care claim are dismissed entirely from this case; Plaintiff's relief request for specific amounts of monetary damages from each Defendant, both in compensatory damages and in punitive damages, are stricken from the Compliant; Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed; and Plaintiff's state law claims are dismissed and any claims for monetary damages under the Pennsylvania Constitution are dismissed.

(3) The above-captioned action is REMANDED to the Magistrate Judge for further proceedings with respect to Plaintiff's Eighth Amendment cruel and unusual punishment claim as against Defendants Unit Manager Kaskie, Superintendent Piazza, Deputy Superintendent McMillian, Deputy Superintendent Varano, Security Captain Miller, and Health Care Administrator McCarty, and Defendant Major McAnnaney, and for further proceedings regarding the "Amending and Incorporating Complaint."

(Doc. 13, pp. 1-2).

On April 1, 2009, the undersigned Magistrate Judge issued an Order allowing the Plaintiff to file a complete Amended Complaint. (Doc. 14). Plaintiff filed his Amended Complaint on May 11, 2009. (Doc. 19).

Plaintiff correctly states that this Court has jurisdiction over this § 1983 civil rights case pursuant to 28 U.S.C. § 1331 and § 1343. (Doc. 19, p. 1). We now screen the Plaintiff's Amended Complaint.

## II. Allegations of Amended Complaint.

Aside from two new claims in his Amended Complaint, the Plaintiff asserts the same allegations mentioned in his original Complaint. In essence, the Plaintiff is again claiming that the

red light used between 10:00 P.M. and 6:00 A.M. near his cell is a violation of the Eighth Amendment prohibition against cruel and unusual punishment. With respect to this claim, Plaintiff avers that Defendants Unit Manager Kaskie, Superintendent Piazza, Deputy Superintendent Macmillian, Deputy Superintendent Verano, Health Care Administrator McCarty, Security Captain Miller, Major Mushinski and Major McAnnaney all failed to act or protect him from further injuries which were allegedly caused by the red-light, and that this failure to act amounted to deliberate indifference to his health and safety in violation of his Eighth Amendment rights. (Doc. 19, pp. 7-12).

Plaintiff reasserts a Fourteenth Amendment Due Process claim that Defendant Grievance Coordinator Kandis Dascani rejected his second grievance (#237804) in an attempt to "protect her superiors and to curtail any additional pertinent information from being added to Plaintiff's claims through the grievance process." (Doc. 19, p. 14, ¶ 68). The Plaintiff also claims that Defendant Deputy Superintendent Varano and Chief Grievance Officer Varner are liable for violating his First Amendment rights to access the courts by failing to properly address his grievances upon appeal. (Doc. 19, p. 14, ¶ 74, 78).

Plaintiff adds, in his Amended Complaint, Deputy Superintendent Ellett as a Defendant, and he alleges threatened him to withdraw a separate grievance (#246205) dealing with medical treatment. Plaintiff avers that he withdrew this separate grievance regarding medical treatment. (Doc. 19, p. 17, ¶ 90-91).

Plaintiff again claims that prison staff, specifically Defendant Health Care Administrator McCarty, violated his Eighth Amendment rights by denying him proper medical care with respect

to the conditions he allegedly suffered caused by the continual, nightly illumination of the red light, including "severe sleeping disorders, debilitating headaches, burning and dried eyes, terrible mood swings, lack of concentration, a confused state of memory, fatigue and eating disorders that caused a loss of weight." (Doc. 19, pp. 16-17; *Id.*, p. 5, ¶ 13.).

Fourth, Plaintiff alleged that Defendants Major McAnnaney, Deputy Superintendent Varano, Captain Baumback, Lieutenant Long, and Grievance Officer Varner violated his First Amendment freedom of speech right as well as his due process right under the Fourteenth Amendment. Essentially, Plaintiff avers that after a cell inspection, officers confiscated his cookie bowl, which was eventually ordered to be given back to Plaintiff by Defendant Long. (Doc. 19, p. 18, ¶ 99). When the $2.00 bowl was damaged, Plaintiff received generous compensation in the nature of fifteen (15) ice cream vouchers (worth about $25.00), which allegedly upset the above named Defendants. The Plaintiff asserts that this, along with the success of an earlier grievance, led to the Defendants' retaliation against him, including the confiscation of seven pair of reading glasses and the release of the Plaintiff's lotion into the toilet.

Plaintiff claims that Defendant Varano "intentionally failed to address any parts of the plaintiff's claims of retaliation or harassment and without any further consideration or investigation." (Doc. 19, p. 21, ¶ 118). He further avers that Defendants Varner, Ellett and Baumback also failed to address his grievances pertaining to the alleged retaliation adequately, in violation of Fourteenth Amendment Due Process Clause. (Doc. 19, pp. 21-22).

In his final claim, Plaintiff essentially alleges that Defendants Varano, Miller, Kaskie, Ellett, Macmillian, and Long violated Fourteenth Amendment Due Process rights when they failed to

properly address his questions about his removal from his prison job at the dietary food services department. Plaintiff claims this removal from his prison job was in response to his discovery that the prison staff had different meals from the meals that the inmates were served. (Doc. 19, p. 24, ¶ 144).

## III. PLRA.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3). The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 5).

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

---

[5]Plaintiff alleges in his amended pleading that the Defendants are employees of the PA DOC. (Doc. 19, pp. 2-3). This is sufficient to show that Defendants are state agents.

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode*, 845 F.2d at 1208.[6]

## V. Motion to Dismiss Standard.

The Court in *O'Connell v. Sobina*, 2008 WL 144199, *2 (W.D. Pa.), set forth the new standard to dismiss, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, 127 S. Ct. 1955 (2007), as follows:

> As the United States Supreme Court recently held in
> *Bell Atlantic Corp. v. Twombly*, [550] U.S. —, 127 S.Ct.
> 1955, 167 L.Ed.2d 929 (May 21, 2007), a complaint must
> be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege
> "enough facts to state a claim to relief that is plausible on
> its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard
> set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99,
> 2 L.Ed.2d 80 (1957)). The court must accept as true all
> all allegations of the Complaint and all reasonable factual
> inferences must be viewed in the light most favorable to plaintiff.
> *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944
> (3d Cir. 1985). The Court, however, need not accept inferences
> drawn by plaintiff if they are unsupported by the facts as set
> forth in the complaint. *See California Pub. Employee Ret. Sys. v.*
> *The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing
> *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906
> (3d Cir. 1997)). Nor must the court accept legal conclusions
> set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct.
> at 1965 (citing *Papas an v. Allain*, 478 U.S. 265, 286, 106 S.Ct.
> 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be
> enough to raise a right to relief above the speculative level."
> *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Although the United

---

[6]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See Ascenzi v. Diaz*, 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

> States Supreme Court does "not require heightened fact pleading
> of specifics, [the Court does require] enough facts to state a claim
> to relief that is plausible on its face." *Id* at 1974.

*See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

## VI. Discussion.

### A. State Law Claims

To the extent that Plaintiff is attempting to raise state law tort claims in his § 1983 civil rights action and invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367 (Doc. 19, p. 1), we will recommend that the state law tort claims be dismissed. The law is clear that negligence is not a basis for a § 1983 action. *See Davidsen v. O'Lone*, 752 F.2d 817 (3d Cir. 1984); *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, insofar as Plaintiff raises tort law claims, they should be dismissed. *See also Dantzler v. Beard*, 2006 WL 3694515, * 5 ( W.D. Pa.) (no state law claims in civil rights action since no waiver of sovereign immunity for them by State). The Court in *Kretchmar v. Beard*, 2006 WL 2038687, * 3 (E.D. Pa.), stated that the inmate's state law claims were barred by the Eleventh Amendment and dismissed them for lack of subject matter jurisdiction. The *Kretchmar* Court also stated:

> "To the extent that Plaintiff brings this action for violations of
> federal law, pursuant to § 1983 and RLUIPA, his suit against Defendants
> for injunctive and declaratory relief is permitted by the *Young*
> exception to Eleventh Amendment immunity. Plaintiff's claims for
> violations of state law, however, do not fall under the exception of *Young,*
> and cannot be brought in federal court. " *Id.*

10

Based on *Kretchmar* and *Dantzler*, we find that Plaintiff's pendent state law claims in this § 1983 action are barred by the Eleventh Amendment and shall recommend that they be dismissed. *Id. See also Keys v. Beard,* Civil No. 07-0337 (M.D. Pa.), Doc. 20.

Thus, for present purposes, we shall only consider Plaintiff's United States Constitutional claims in this § 1983 action.

*B. Fourteenth Amendment Due Process Claims Regarding Processing of Grievances*

We find that Plaintiff fails to state a Fourteenth Amendment due process claim against Defendants Dascani, Varano, and Varner with respect to the manner in which they denied his grievance and grievance appeal. Plaintiff alleges that he appealed his grievance denial by Defendant Dascani to Defendant Superintendent Varano and that Varano violated his Fourteenth Amendment due process rights by improperly upholding the denial of Dascani. Plaintiff states that he then appealed his grievance to Defendant Varner, Chief Grievance Officer, and that she improperly upheld Defendant Varano's decision.

Plaintiff also claims that Defendant Baumback wrongly rejected a grievance pertaining to the confiscation of his property, namely seven pair of eyeglasses and lotion.[7] (Doc. 19, p. 19). Plaintiff also makes the same claims against Varano and Varner as he does above in regard to wrongfully

---

[7]Insofar as the Plaintiff is requesting to reclaim his property, this Court has previously determined that "a prisoner's due process claim based on a state actor's unauthorized deprivation of property is not actionable under §1983 unless no adequate post-deprivation remedy is available. *Mattis v. Dohman*, 260 Fed. Appx. 458 at *2 (3d Cir.2008). Pennsylvania 'has established an internal grievance procedure through which the state hears claims, and when appropriate, provides remedies.' *Mattis*, 260 Fed. Appx. at *2." *Williams v. Klem*, 2008 WL 4453100 at *8 (M.D.Pa. 2008). In *Williams*, the court further stated that the grievance procedure, like the procedure described above, was a "meaningful post-deprivation remedy." *Id*.

upholding Defendant Baumback's decision. The denial, appeal denial and final appeal denial by the stated four Defendants with respect to Plaintiff's grievance does not state a constitutional claim.

The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners's Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977). This very Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential). Even if the prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action. *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995). *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted). Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra.*

As the Court recently stated in *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W.D. Pa):

> Plaintiff also asserts due process claims against Defendants, based on their denials of his grievances. It is well established that inmate grievance procedures, in themselves, do not confer a liberty interest protected by the Due Process Clause. *McGuire v. Forr*, 1996 WL 131130 (E.D. Pa. Mar. 21, 1996), *aff'd* 101 F.3d 691 (3d Cir. 1996); *Leavitt v. Allen*, 46 F.3d 1114 (Table), 1995 WL 44530 (1st Cir. Feb. 3, 1995). Furthermore, prison regulations that establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures. *See Antonelli v. Sheahan*, 81 F.3D 1422, 1430 ( 7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert.*

12

*denied*, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); *Wilson v. Horn*, 971 F.Supp. 943, 947-48 (E.D. Pa. 1997), *aff'd.* 142 F.3d 430 (3d Cir. 1998). Accordingly, Plaintiff's allegations that Defendants failed to properly investigate, process, and/or consider his grievances do not state a claim upon which relief may be granted under 42 U.S.C. § 1983, *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005).

Therefore, we will recommend that Plaintiff's Fourteenth Amendment due process claims be dismissed entirely from this case and, that Defendant Dascani be dismissed from this case since we find that Plaintiff has not stated the personal involvement of this Defendant with respect to his other claims.

### C. Supervisory Defendant Beard

The DOC supervisory Defendant is Secretary Beard. Since we have stated Plaintiff's Eighth Amendment and Fourteenth Amendment claims against this Defendant above, we shall not repeat them. In short, Plaintiff avers that he complained in writing and in person to Defendant Beard about the alleged torturous red-light situation at the prison, the alleged improper responses to his grievances, and the alleged denial of medical assistance.

As stated, it is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). We find that Plaintiff's allegations of liability under § 1983 as against Defendant Beard fail to state a cognizable claim.

In *O'Connell*, 2008 WL 144199, * 21, the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. "Allegations of

13

participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.  See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations.  *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Based on the above stated allegations in Plaintiff's Amended Complaint, DOC supervisory Defendant Beard is  not sufficiently stated to have been personally involved in the use of the red night light at SCI-Coal, in the medical care of Plaintiff, and in the processing of Plaintiff's grievances.

We find that Plaintiff's Amended Complaint lacks sufficient allegations as to Defendant Secretary Beard and what this Defendant personally did to violate Plaintiff's Eighth and Fourteenth Amendment rights.  As stated, Plaintiff has not sufficiently stated Defendant Beard's personal involvement with respect to his Eighth and Fourteenth Amendment claims that he was tormented by the red light at night, that his grievances were not properly processed, and that he was denied medical care.   In fact, Plaintiff readily admits that he was being treated by the prison doctors, an optometrist, and by the prison psychological staff.  Defendant Beard is not alleged to have  played any role in the decision at SCI-Coal to continue to use the red-light system at night and he is not alleged to have been personally involved with Plaintiff's medical, eye and psychiatric treatment he was receiving from physicians.  Nor was Defendant Beard involved with the processing of Plaintiff's grievance.

As the Court stated in *Ascenzi v. Diaz*, 2007 WL 1031516, *4 (M.D. Pa.), "a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he

14

or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. If, however, non-medical prison personnel had 'a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner', liability may be imposed." (Internal citations omitted). There is no claim that Defendant Beard had knowledge that the prison medical staff was mistreating Plaintiff. In fact, Plaintiff appears to allege that he was given proper medical, eye and psychiatric care at the prison by the medical staff. (Doc. 19, pp. 9, 11, 13). Plaintiff admits that he was examined by the Institutional Medical Doctor who addressed his dry eyes with "Liqui Tear Lubricant Eye Drops" (Doc. 19, p. 13, ¶ 65) and even scheduled an appointment with an optometrist. (Doc. 19, p. 13). Plaintiff states that he was then examined by an optometrist. (*Id.*).

As discussed, Defendant Beard is not sufficiently alleged to have personally engaged in any conduct amounting to a violation of Plaintiff's Eighth and Fourteenth Amendment rights. Therefore, we shall recommend that Defendant Beard be dismissed from this case.

D. *Defendant Cindy Watson*

Listed with the Defendants is Chief Grievance Officer Cindy Watson. (Doc. 19, p. 3). Throughout the entire Amended Complaint, Watson's name appears only once in this list of Defendants. Plaintiff has made no specific claim anywhere in the Amended Complaints as to any wrongdoing by this Defendant, he simply lists her among the other Defendants. Therefore we will also recommend that Defendant Watson be dismissed.

*E. First Amendment Denial of Access to Courts Claim*

Plaintiff simply alleges that since the prison Grievance Coordinator Defendant Dascani refused to process his second grievance based on her finding that it was repetitive and redundant with his first grievance and since Defendant Varano failed to rectify the staff's refusal to process his second grievance, his First Amendment right to access to the courts was violated. We find no First Amendment denial of access to courts claim stated.

As the Third Circuit Court stated in *Salkeld v. Tennis*, C.A. No. 07-1776, (3d Cir. 9-13-07), slip op. p. 3, 2007 WL 2682994, * 1 (3d Cir. 2007) (Non-precedential):

> An inmate alleging a violation of *Bounds v. Smith*, 430 U.S. 817 (1977), must show an actual injury, a requirement that derives from the doctrine of standing. *Lewis v. Casey*, 518 U.S. 343, 349 (1969). Specifically, the inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Id.* at 351. *See also Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (no First Amendment right to subsidized mail). However, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence of conditions of confinement. *Lewis*, 518 U.S. at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).

In *O'Connell*, 2008 WL 144199, * 10, the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded

as recompense but that is not otherwise available in a future
suit. *Christopher*, 536 U.S. at 415.

In his Amended Complaint, Plaintiff does not allege that he suffered any actual injury to any court case. In fact, Plaintiff's present case belies his claim that he was denied access to the court regarding his Eighth Amendment claim about the constant red night light as SCI-Coal. Thus, since Plaintiff does not state that any underlying claims were harmed by any Defendant's alleged conduct, he fails to state a First Amendment claim for denial of access to the court. No actual harm is alleged to have occurred to any case of Plaintiff as a result of any Defendants' alleged conduct in this case. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(requiring allegations that the document inmate was unable to file was non-frivolous to state an access to courts claim); *Romansky v. Stickman*, 147 Fed. Appx. 310, 312 (3d Cir. 2005)(Non-Precedential)("*Christopher* [case] requires that 'the predicate claim be described well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.")(citing *Christopher* at 416); *O'Connell*, 2008 WL 144199, * 10.

We will recommend that Plaintiff's First Amendment denial of access to the courts claim be dismissed entirely from this case.

F. *Eighth Amendment Cruel and Unusual Punishment Claim
and Denial of Medical Care Claim*

Plaintiff alleges as the gravamen of his Amended Complaint that he was continually exposed to a red-light system at night for over seven (7) months at SCI-Coal, and that this caused him several physical and psychological ailments. Plaintiff alleges the personal involvement of the following eight (8) Defendants with respect to his Eighth Amendment cruel and unusual punishment claim and his

Eighth Amendment denial of medical care claim: Unit Manager Kaskie; former Superintendent Piazza; Deputy Superintendent McMillian; Deputy Superintendent Varano; Security Captain Miller; Health Care Administrator McCarty; Major Mushinski; and Major McAnnaney.

Courts have addressed what types of prisoner's claims amount to an Eighth Amendment violation. The Court in *Dantzler v. Beard*, 2007 WL 5018184, *11 (W.D.Pa.), stated:

> The Third Circuit has cautioned that "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d. Cir.2000), *cert denied*, (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (internal quotes omitted). In determining whether a harm was "sufficiently serious to fall within the Eighth Amendment's zone of protections, *Fuentes v. Wagner*, 206 F.3d at 344, the Third Circuit has described the inquiry as whether the prisoner has been deprived of the "minimal civilized measure of life's necessities." *Young v, Quinlan*, 960 F.2d 351, 359 (3d Cir.1992), *superseded by statute on other grounds*, (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2391, 69 L.Ed.2d 59 (1981)). Proving that one has been deprived of the minimal civilized measure of life's necessities requires proof that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. *Griffin v. Vaughn*, 112 F.3d at 709.

In *Brown v. Martinez*, 2007 WL 2225842, *6 (M.D. Pa.), the Court stated:

> "In addition to showing conditions that pose significant risk of serious harm, the inmate must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. As described b y the Supreme Court in *Farmer*, the standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 837. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842."

The *Brown* Court further stated:

> Requiring inmates to live in constant illumination, under ceratin circumstances, may rise to the level fo an Eighth Amendment violation. *See Bacon v. Minner*, 2007 WL 1157138 (3d Cir. April 19, 2007) (*citing Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (constant illumination so that inmate cannot discerned day from night and which causes "grave sleeping problems" and other mental and psychological problems unconstitutional). However, continuous exposure to low wattage night time security lighting may be permissible based on legitimate penological interests, such as prison security concerns. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *See also Chavarria v. Stacks*, 102 Fed.Appx. 433, 436-37 (5th Cir. 2004) ("policy of constant illumination [was] reasonably related to the legitimate penological interest of guard security"); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (continuous lighting in holding cell not unreasonable given security concern); *King v. Frank*, 371 F.Supp.2d 977, 984-85 (W.D. Wisc. 2005) (constant exposure to a 9 watt fluorescent light which allows prison officials to observe inmates at night did not violate Eighth Amendment standards); *Willis v. Terhune*, 404 F.Supp.2d 1226, 1230-31 (E.D. Cal. 2005) (exposure to 24 hour 13 watt security bulb did not constitute cruel and unusual punishment in absence of evidence of "grave sleeping problems" or other harm).

*Id*. at *8.

Based on the above stated allegations of Plaintiff, we find, for present screening purposes, that he has stated an Eighth Amendment cruel and unusual punishment claim, with respect to the constant red-light illumination in his cell for over seven (7) months which allegedly resulted in serious physical and psychological ailments, against the following eight (8) Defendants: Unit Manager Kaskie; Superintendent Piazza; Deputy Superintendent McMillian; Deputy Superintendent Varano; Security Captain Miller; Health Care Administrator McCarty; Major Mushinski; and Major McAnnaney. *See Bacon v. Minner*, 229 Fed. Appx. 96 (3d Cir. 2007)(Per Curium). We do not find an Eighth Amendment cruel and unusual punishment claim is stated

against any other Defendant.

As discussed above, since Plaintiff readily admits that he was being treated by the prison doctors and medical staff, we do not find that Plaintiff has stated a cognizable Eighth Amendment denial of proper medical care claim against any Defendant. Plaintiff does not allege that any Defendant had reason to believe that the prison physicians were mistreating him. Plaintiff admits that prison staff supplied him with insulin to lower a risk of diabetic coma. (Doc. 19, p. 16, ¶ 85). He also admits that staff provided him with at least 4 different medications (namely Glipizide, Aspir-low, Enalapril, and Metformin). (*Id*.).

Therefore, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim be dismissed entirely from this case.

### G. First Amendment Retaliation Claims

We find that Plaintiff fails to state a First Amendment retaliation claim against Defendants Long, Ellett and MacMillian pertaining to the confiscation of his eyeglasses (seven pairs) and lotion. According to the Plaintiff, the retaliation stems from a successful grievance he filed against prison staff challenging their wrongful confiscation of personal items such as ink pens and a cookie bowl. Plaintiff alleges that the cookie bowl was destroyed by staff and therefore staff was forced to compensate him with fifteen (15) ice cream vouchers. Plaintiff avers that staff became upset since he was overly compensated for his cookie bowl.

Following the success of this grievance, Plaintiff contends prison staff, including Defendant MacMillian, Officers Yeagle and Matzinger (the latter two are not named as Defendants in the present action) searched the Plaintiff's cell again. During this search, Plaintiff avers that Defendant

MacMillian dumped out his lotion into the latrine and that Officer Yeagle confiscated seven (7) pairs of his eyeglasses. Plaintiff alleges that this confiscation was in retaliation for his successful grievance.

An inmate alleging retaliation must make three showings: (1) Plaintiff must show that he engaged in a constitutionally protected conduct; (2) Plaintiff must show that there was an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link must be established between the exercise of the inmate's rights and the adverse action taken against him. *Alexander v. Forr*, 2006 WL 2796412, *20-21 (M.D. Pa.) (citing *Rauser v. Horn*, 241 F.3d 333-34 (3d Cir. 2001). Plaintiff has met the first element in that his filing of grievances[8] would probably constitute a constitutionally protected conduct. *See Hudson v. Donate*, 2007 WL 1217401 (M.D. Pa.), citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) ("the right of meaningful access to the courts extends to established prison grievance procedures.")

However, accepting as true the Plaintiff's claims, we do not find that the confiscation of his eyeglasses and lotion to be a sufficient retaliatory action. In *Alexander*, this Court stated:

---

[8] While the Constitutional right to access the courts extends to filing grievances, it does not contain a Constitutional right that these grievances must be addressed by prison staff. *See Hudson v. Donate*, 2007 WL 1217401 (M.D. Pa.).

> [I]n establishing the elements of a First Amendment claim of retaliation, a plaintiff must come forward with more than "general attacks" upon the defendant's motivations and must produce "affirmative evidence" of retaliation from which a jury could find that the plaintiff had carried his burden of proving the requisite motive. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (internal citations omitted). While mindful that the *pro se* plaintiff may not be held to a heightened burden of proof, the court should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." *See Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.2001); *Cochrane v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996); *Woods*, 60 F.3d at 1166; *Colon*, 58 F.3d at 873; *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983(; *Hyson v. Corr. Med. Serv., Inc.*, No. Civ. 02-318, 2003 WL 292085, at *2 n. 1 (D.Del.2003); *Sims v. Dragovich*, No. Civ. 95-6753, 1999 WL 371621, at *3 (E.D.Pa.).

2006 WL 2796412 at *22.

Thus we shall recommend that Plaintiff's First Amendment Retaliation claims be dismissed entirely from this case.

*H. Fourteenth Amendment Due Process and First Amendment Retaliation Claims Regarding Prison Employment*

We find that Plaintiff fails to state a Fourteenth Amendment Due Process claim against Defendants Varano, Ellett, Kaskie, MacMillian and Long pertaining to the loss of his prison employment. Plaintiff essentially alleges that he complained about the different meals prison staff were eating compared to the meals the prisoners were getting and, that he complained neither he nor any other worker received the proper uniform. (Doc. 19, p. 23). Shortly after complaining to Defendants Ellett, Varano, MacMillian and Long, Plaintiff avers that he was terminated from his employment at Dietary Food Services ("DFS"). Plaintiff contends that after several requests, no reason was given for his termination, and was denied relief when he filed a subsequent grievance

-22-

about his termination. (Doc. 19, p, 24, ¶ 141). Further appeals were also rejected. (*Id.* ¶ 142-43).

It is well settled throughout the federal circuits that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth amendment. *James v. Quinlan,* 866 F.2d 627, 630 (3d Cir.1989). *See also Brian v. Werner,* 516 F.2d 233, 240 (3d Cir.1975) (inmates expectation of keeping job is not a property interest entitled to due process protection); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); *Adams v. James,* 784 F.2d 1077, 1079 (11th Cir.1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986) (Constitution does not create a property interest in prison employment); *Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir.1989) (no constitutional right to continuation in work release program to implicate property interest under fourteenth amendment); *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned a particular job). Since Plaintiff had no property interest in keeping his prison job, there can be no due process violation under the Fourteenth Amendment.

Insofar as Plaintiff is claiming the loss of his employment at DFS amounts to a First Amendment retaliation claim[9], we find no cognizable claim is stated based on the above discussion. As stated earlier, in order to prevail on a retaliation claim, a plaintiff must prove: (1) that he engaged in constitutionally protected activity; (2) that he was subject to adverse actions by a state actor; and

---

[9]As mentioned, Plaintiff avers that after he complained about the disparity between meals staff and inmates were served and the lack of uniforms for inmate workers, he was terminated from his prison job.

(3) the constitutionally protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Anderson v. Davila,* 125 F.3d 148, 161 (3d Cir.1997) ( *citing Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1997)). Because it is well settled that a prison job does not create a protected liberty interest, Plaintiff's removal from his job does not constitute a violation of his First Amendment rights. Further, Plaintiff's complaints about the different meals and the lack of uniforms does not indicate he was engaged in Constitutionally protected activity.

In sum, because Plaintiff's continued employment at DFS did not implicate a protected liberty interest, he does not state a Fourteenth Amendment due process claim and a First Amendment retaliation claim regarding his termination from his prison job.

## VII. Recommendation.

Based on the above, it is respectfully recommended that this case be dismissed as to all claims against supervisory Defendant Beard pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that Defendant Watson be dismissed since no specific claim is made against her. It is also recommended that Plaintiff's Eighth Amendment cruel and unusual punishment claim proceed as against (8) Defendants, namely, Unit Manager Kaskie, former Superintendent Piazza, Deputy Superintendent McMillian, Deputy Superintendent Varano, Security Captain Miller, Health Care Administrator McCarty, Major Mushinski, and Major McAnnaney. Moreover, it is recommended that all of Plaintiff's Fourteenth Amendment due process claims be dismissed entirely from this case. Additionally, it is recommended that Plaintiff's First Amendment denial of access to courts claim and his Eighth Amendment denial of proper medical care claim be dismissed entirely from this case.

-24-

It is further recommended that all Plaintiff's First Amendment retaliation claims be dismissed from this case.

It is additionally recommended that Plaintiff's relief request for specific amounts of monetary damages from each Defendant, both in compensatory damages and in punitive damages, be stricken from his Amended Complaint. (Doc. 19, pp. 25-26). It is recommended that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed.[10] Moreover, it is recommended that Plaintiff's state tort law claims be dismissed.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings with respect to Plaintiff's Eighth Amendment cruel and unusual punishment claim as against Defendants Unit Manager Kaskie, Superintendent Piazza, Deputy Superintendent

---

[10]Plaintiff states that he sues all Defendants in both their individual and official capacities (Doc. 19, p. 25). Plaintiff cannot seek monetary damages against Defendants in their official capacities. *See See Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir.) (Non-Precedential).

McMillian, Deputy Superintendent Varano, Security Captain Miller, Health Care Administrator McCarty, Defendant Major Mushinski, and Defendant Major McAnnaney.[11]


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 9, 2009**

---

[11] Since Plaintiff has already filed two pleadings (Docs. 1 & 19) and since both pleadings have been screened by the Court, we do not recommend that Plaintiff be permitted to file a second Amended Complaint regarding any of his claims based on futility. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBIE LEE SIMS, JR., | : | CIVIL ACTION NO. **3:CV-09-0033** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOSEPH PIAZZA, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 9, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                   **s/ Thomas M. Blewitt**
_____

                                                   **THOMAS M. BLEWITT**

                                                   **United States Magistrate Judge**


**Dated: June 9 , 2009**